***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr. and the briefs and oral arguments on appeal. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission affirms and adopts the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
Plaintiff's motion to admit additional evidence is hereby DENIED.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and defendant-employer.
3. Travelers Insurance Company is the carrier on risk.
4. Tax information and information from the Employment Security Commission were submitted from which an average weekly wage may be determined.
5. The plaintiff's Medical Records were stipulated into evidence as Stipulated Exhibit 1.
6. Industrial Commission Forms and filings were stipulated into evidence as part of Stipulated Exhibit 2.
7. Defendant's answers to plaintiff's interrogatories were stipulated into evidence as part of Stipulated Exhibit 2.
8. The plaintiff's W-2 for 1999 and plaintiff's 1099-G for 1999 were stipulated into evidence as part of Stipulated Exhibit 2.
9. Photographs of the plaintiff's hands were stipulated into evidence as part of Stipulated Exhibit 2.
10. Material Safety Data Sheets for PPI Curator were stipulated into evidence as part of Stipulated Exhibit 2.
11. The issues before the undersigned are: (i) whether the plaintiff contracted an occupational disease arising out of and in the course of his employment with defendant-employer; (ii) if so, what compensation, if any is due the plaintiff; and (iii) whether the plaintiff is entitled to attorney fees pursuant to N.C.G.S. § 97-88.1?
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was thirty-one (31) years old and had experience with the insulation of hardwood floors.
2. The plaintiff was employed by defendant-employer in November 1997 and continued working for defendant-employer until December 1998.
3. The plaintiff alleges he had developed contact dermatitis as a result of exposure to certain chemicals used in the process of finishing hardwood floors.
4. The plaintiff presented to Douglas P. Shirley, M.D., Jacksonville Dermatology Clinic for an evaluation on February 26, 2001. Upon examination Dr. Shirley indicated plaintiff's hands were clear. Dr. Shirley recommended a "patch test" to determine what allergies the plaintiff may have.
5. The patch test was given to the plaintiff on February 26, 2001 and the plaintiff was instructed to return in two (2) days for a final patch reading.
6. On February 28, 2001, Dr. Shirley noted that the plaintiff reacted positively to two (2) of the twenty-two (22) chemicals on the test. These chemicals were etheylenediamine dihydrochloride and cobalt bichloride. Dr. Shirley concluded that the plaintiff had contact dermatitis as result of exposure to these chemicals. Dr. Shirley advised and educated the plaintiff about contact with these chemicals and directed the plaintiff not to come in contact with these chemicals.
7. Dr. Shirley indicated he had no evidence of scarring relating to the plaintiff's contact dermatitis.
8. Dr. Shirley had no opinion as to whether polyurethane used by defendant-employer contained either etheylenediamine dihydrochloride or cobalt bichloride.
9. Dr. Shirley had no opinion about the plaintiff's ability to work and did not recall any kind of work excuse or restriction he placed on the plaintiff other than to avoid etheylenediamine dihydrochloride and cobalt bichloride.
10. Dr. Shirley was not able to indicate that either of the two (2) chemicals to which the plaintiff is allergic is contained in products used by defendant-employer. Etheylenediamine dihydrochloride and cobalt bichloride and their derivatives are common elements that can be found in nickel-plated jewelry, buckles, Vitamin B-12, Skin Creams and antihistamines.
11. The plaintiff has failed to prove by the greater weight of the evidence that his contact dermatitis was a result of causes and conditions, which are characteristic of and peculiar to his employment with defendant-employer.
12. The plaintiff has failed to prove by the greater weight of the evidence that he has contracted an occupational disease within his employment and was placed at a greater risk of contracting such a disease than a member of the general public not so exposed.
13. Dr. Shirley indicated that the plaintiff's hands were clear at the time that he saw him which fails to support that plaintiff is entitled to any benefits for scarring or disfigurement. The plaintiff has failed to meet his burden to show a causal connection between the exposure to etheylenediamine dihydrochloride and cobalt bichloride.
14. Defendants have not defended this action without merit.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has no disease and no disability related to causes and conditions which are characteristic of and peculiar to plaintiff's employment with defendant-employer. Plaintiff's employment with defendant-employer did not place him at an increased risk of contracting an occupational disease. N.C.G.S. § 97-53(13).
2. The plaintiff has failed to prove by the greater weight of the evidence that he has any disfigurement or scarring resulting from his employment with defendant-employer. N.C.G.S. § 97-31(21), (22), and (24).
3. The plaintiff is therefore not entitled to compensation under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-53(13); N.C.G.S. § 97-53(21), (22), and (24).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, the plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/___________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/__________________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/__________________________________ RENE C. RIGGSBEE COMMISSIONER